Case 4:20-cv-02198   Document 33   Filed on 03/31/22 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
March 31, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY L. HUTCHISON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-2198 |
| | § | |
| FRANKLIN CREDIT MANAGEMENT CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a wrongful foreclosure case. Before the Court is a motion for summary judgment filed by the defendant, Franklin Credit Management Corporation ("Franklin"). Having carefully reviewed the motion, response, reply, summary judgment record, and applicable law, the Court will **GRANT** Franklin's motion. (Dkt. 20).

### FACTUAL AND PROCEDURAL BACKGROUND

Franklin holds a secondary lien on a home that is owned by Plaintiff Anthony Hutchison ("Hutchison"). (Dkt. 1-1 at p. 9). The parties do not dispute that the primary lienholder foreclosed on the home in February of 2012 and that the foreclosure was rescinded in December of 2014. (Dkt. 1-1 at p. 9; Dkt. 20 at p. 11). In his live pleading, Hutchison alleges that Franklin's secondary lien was extinguished by the rescinded foreclosure sale and that, despite "the lack of legal standing to foreclose on an extinguished lien," Franklin "posted [Hutchison's] homestead for foreclosure on June 2, 2020[.]" (Dkt. 1-1 at p. 10). Hutchison further alleges that Franklin did not send mortgage statements to him during the six years between the February 2012 foreclosure sale and June of 2018.

(Dkt. 1-1 at p. 10). According to Hutchison, "Franklin renewed sending mortgage statements on or about June, 2018 alleging a principal mortgage balance of $56,292.30[.]" (Dkt. 1-1 at p. 10).

Hutchison filed this lawsuit in state court, and Franklin removed it to this Court. (Dkt. 1; Dkt. 1-1 at p. 7). Hutchison's live pleading asserts causes of action for wrongful foreclosure and negligence. (Dkt. 1-1 at pp. 10–12). Hutchison also requests that the Court permanently enjoin Franklin from foreclosing on the home. (Dkt. 1-1 at p. 15).

Franklin has moved for summary judgment on all of Hutchison's claims. (Dkt. 20). Hutchison has filed a response, but he has attached no evidence to that response. (Dkt. 29). Franklin has filed a reply brief. (Dkt. 32).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." (1986). *Anderson v. Liberty Lobby, Inc.,* 106 S. Ct. 2505, 2510 The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett,* 106 S. Ct. 2548, 2552 (1986). The movant may meet its burden by pointing out the absence of evidence supporting the non-movant's case. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not

negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting *Celotex*, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.* If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Id.* The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 106 S. Ct. 1348, 1356 (1986).

Generally, in reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Products, Inc.,* 120 S. Ct. 2097, 2110 (2000). That said, however, the court resolves factual controversies in favor of the nonmovant "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little,* 37 F.3d at 1075. Rule 56 does not impose upon the Court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment; evidence not referred to in the response to the motion for summary judgment is not properly before the Court, even if it exists in the summary judgment record. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

## ANALYSIS

On this summary judgment record, Hutchison has not presented a triable fact issue.

### A. Wrongful foreclosure

Hutchison's wrongful foreclosure claim fails for two independent reasons: (1) no foreclosure sale stemming from Franklin's lien has taken place; and (2) the rescinded 2012 foreclosure sale did not extinguish Franklin's lien.

*—There has been no foreclosure sale.*

Under Texas law, "[a] claim for wrongful foreclosure requires that the property in question be sold at a foreclosure sale." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011) (citing *Allied Capital Corp. v. Cravens*, 67 S.W.3d 486, 492 (Tex. App.—Corpus Christi 2002, no pet.)). There is no evidence in the record showing that Franklin's lien ever gave rise to a foreclosure sale; and the 2012 foreclosure sale, which stemmed from the primary lienholder's lien, was rescinded in 2014. Accordingly, Hutchison has no claim for wrongful foreclosure against any lienholder, including Franklin. *Marsh*, 760 F. Supp. 2d at 708 ("Plaintiffs cannot state a claim for wrongful foreclosure because no foreclosure sale has occurred.").

*—Franklin's lien was not extinguished in 2012.*

More fundamentally, Hutchison provides no support for his argument that the rescinded 2012 foreclosure sale extinguished Franklin's lien. Under Texas law, "[b]ecause title never passes between parties in a void foreclosure sale, the remedy is to place the parties in the same position they were before, as if the foreclosure had never taken place." *Wesley v. Amerigo, Inc.*, No. 10-05-00041-CV, 2006 WL 22213, at *3 (Tex. App—Waco Jan. 4, 2006, no pet.); *see also Silliman v. Gammage*, 55 Tex. 365 (1881); *Diversified, Inc. v. Walker*, 702 S.W.2d 717, 721 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

It only makes sense that this principle would restore any extinguished junior liens upon rescission of a foreclosure sale, and Hutchison points to no authority excluding junior lienholders from this principle. The Court concludes that Franklin's lien was no longer extinguished as of December 2014, when the 2012 foreclosure sale was rescinded.

### B.  Negligence

In setting out his negligence claim, Hutchison alleges that Franklin "failed to use reasonable care in communicating the correct status of [Hutchison's] debt by failing to provide the correct information regarding [Hutchison's] debt and payment history in a timely manner, such that [Hutchison] could have avoided foreclosure if not for [Franklin's] delay." (Dkt. 1-1 at p. 11). Hutchison argues that "[Franklin's] conduct is negligent because it is in breach of its duties under the Texas Finance Code, Chapter 158." (Dkt. 1-1 at p. 11). Hutchison also cites *Federal Land Bank Association of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991), in which the Texas Supreme Court held that a bank can breach a common-law duty to use reasonable care in providing information to its customers or potential customers. (Dkt. 1-1 at p. 11).

In its motion, Franklin argues that: (1) Chapter 158 of the Texas Finance Code does not create a cause of action; (2) any other negligence claim, to the extent that Hutchison is making one, is conclusively barred by the statute of limitations and the economic loss doctrine; and (3) Hutchison has no evidence to establish that Franklin breached a duty owed to Hutchison and that Franklin's breach proximately caused injury to Hutchison. (Dkt. 20 at pp. 11–14). In his response, Hutchison—who, again, provides no summary judgment evidence of his own—regurgitates three paragraphs of his pleading with no citations to the

summary judgment record and fails to engage with any of Franklin's arguments. (Dkt. 29 at pp. 4–5).

The Court will grant summary judgment on Hutchison's negligence claim. The two legal bases he specifically cites—Chapter 158 of the Texas Finance Code and the Texas Supreme Court's *Sloane* opinion—are legally untenable; and, in any event, Hutchison has not cited to any evidence in the record to establish any element of his negligence claim.

—*Chapter 158 of the Texas Finance Code*

Caselaw supports Franklin's argument that there is no private right of action under Chapter 158 of the Texas Finance Code. *Hutchinson v. Bank of America, N.A.*, No. 4:12-CV-3422, 2013 WL 5657822, at *4 (S.D. Tex. Oct. 16, 2013), *aff'd*, 575 Fed. App'x 443 (5th Cir. 2014). Hutchison cites no caselaw to the contrary.

—*The Texas Supreme Court's* Sloane *opinion*

Hutchison also cites the Texas Supreme Court's *Sloane* opinion. Under *Sloane*, the elements of a cause of action for negligent misrepresentation are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Sloane*, 825 S.W.2d at 442.

The Court concludes that Hutchison's attempt to invoke *Sloane* fails because he has not pled, let alone proven, that Franklin supplied false information for guidance in Hutchison's business. *Colbert v. Wells Fargo Bank, N.A.*, 850 Fed. App'x 870, 876 (5th

Cir. 2021) ("Plaintiffs failed to allege sufficient facts to meet the second prong of a negligent misrepresentation claim [under *Sloane*], that Wells Fargo supplied false information for guidance in their business. Texas courts require false information to be for guidance in another's business."). The Court further concludes that Hutchison's claim under *Sloane* is barred by the economic loss doctrine, as the loan documents are the source of any duty under *Sloane* owed by Franklin. *Id*. at 876–77 ("The duty to correct misleading statements and duty to use reasonable care in communicating information are directly related to the [mortgage] contract. These duties do not arise from a separate common-law duty and would not give rise to liability independent of the fact that a contract exists between the parties.") (brackets and quotation marks omitted). !

—*No evidence*

Irrespective of the legal basis for his negligence claim, Hutchison does not cite to any evidence in the record to create a triable fact issue on any element of that claim, and his response merely regurgitates part of his pleading and has no evidence attached to it. Franklin met its summary judgment burden by pointing out the absence of evidence supporting Hutchison's case. (Dkt. 20 at p. 15). *Duffy*, 44 F.3d at 312. As a result, Hutchison was obligated to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Little*, 37 F.3d at 1075. Hutchison has utterly failed to do so.

### C. Injunctive relief

Hutchison requests that the Court permanently enjoin Franklin from foreclosing on the home. (Dkt. 1-1 at p. 15). The Court must dismiss this claim because Hutchison's causes of action for wrongful foreclosure and negligence are not viable and Hutchison has not presented any other basis on which the Court could grant injunctive relief.

Under Texas law, "[a]n injunction is an equitable remedy, not a cause of action." *Brittingham v. Ayala*, 995 S.W.2d 199, 201 (Tex. App.—San Antonio 1999, pet. denied). "If a claim or cause of action is not alleged, the trial court lacks authority to issue an injunction." *Id*. Hutchison's causes of action for wrongful foreclosure and negligence are not viable, and Hutchison has not presented any other basis on which the Court could grant injunctive relief.

Franklin is entitled to summary judgment.

### CONCLUSION

The Court finds that Franklin is entitled to summary judgment in this action. Accordingly, Franklin's motion for summary judgment (Dkt. 20) is **GRANTED**. Any other pending motions are **DENIED AS MOOT**. This case is **DISMISSED WITH PREJUDICE**. A separate final judgment will issue.

SIGNED at Houston, Texas, on March 31, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE